UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FATEMEH SAJAJED,<br><br>        Plaintiff,<br><br>  vs.<br><br>EMIRATES AIRLINES, a foreign corporation, DOES 1-20, inclusive,<br><br>        Defendants. | Case No: C 16-06659 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Dkt. 15 |

Plaintiff Fatemeh Sajajed ("Plaintiff") brings the instant personal injury action against Defendant Emirates Airlines ("Defendant" or "Emirates"). The matter is presently before the Court on Defendant's Motion to Dismiss. Dkt. 15. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.**    **BACKGROUND**

    **A.**    **FACTUAL BACKGROUND**

Plaintiff is a citizen of Iran and a permanent resident of the United States, with her domicile in California. Compl. ¶ II.[1] Defendant is incorporated and has its principal place

---

[1] Plaintiff's Complaint is attached as Exhibit A to the Notice of Removal. Dkt. 1-1.

of business in Dubai, United Arab Emirates ("UAE").  Id.  Defendant does business in California and serves the state with regularly scheduled commercial aviation transport.  Id.

On or about October 15, 2014, Plaintiff was a paying passenger in international travel aboard Emirate's flight EK 255 from Dubai, UAE to San Francisco, California.  Compl. ¶ V.  During the flight, cabin staff caused Plaintiff to be burned by hot tea.  Id.  Plaintiff sustained immediate and painful burn injuries to her lap, abdomen and genital area.  Id.  She alleges ongoing physical and mental suffering and seeks unspecified damages for her injuries.  Id. ¶¶ VII-IX.

At the time of the incident, Plaintiff was traveling with Emirates on passenger ticket number 1762410418653, which provided roundtrip transportation from and to Tehran, Iran, with intermediate stopping places in Dubai and San Francisco.  Hussain Decl. ¶ 5, Ex. A, Dkt. 15-2; Sajajed Decl. ¶ 15, Ex. D, Dkt. 18-2.  Specifically, the ticket included legs: (1) from Tehran to Dubai; (2) from Dubai to San Francisco; (3) from San Francisco to Dubai; and (4) from Dubai to Tehran.  Hussain Decl., Ex. A; Sajajaed Decl., Ex. D.

Plaintiff lives in the United States and travels to Iran somewhat regularly to visit family and friends.  Sajajed Decl. ¶¶ 3,7-8.  Having learned that tickets purchased in Iran are "considerably cheaper," it was her custom and practice to purchase a ticket in Iran with a scheduled date of travel to the United States and an open date of return to Iran.  Id. ¶ 14.  In accordance with that custom and practice, Plaintiff purchased the ticket at issue in Tehran, Iran.  Id. ¶¶ 14-15, Ex. D; Hussain Decl. ¶ 5, Ex. A.

**B.    PROCEDURAL BACKGROUND**

On October 13, 2016, Plaintiff filed a personal injury action against Defendant in the Superior Court of California, Alameda County.  After removing the action to this Court, Dkt. 1, Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction.  Dkt. 15.  The motion is fully briefed and ripe for adjudication.

**II.    LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.  "A jurisdictional challenge under Rule 12(b)(1) may be made either on the

face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). In the case of a "speaking" motion, the court may review evidence outside the pleadings, such as affidavits and testimony, "to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). "When the defendant raises a factual attack, the plaintiff must support [his] jurisdictional allegations with 'competent proof,' . . . under the same evidentiary standard that governs in the summary judgment context." Leite, 749 F.3d at 1121 (citations omitted). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Rattlesnake Coal. v. EPA, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

## III. DISCUSSION

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction, arguing that the United States is not a proper forum for the action under the Warsaw Convention, which governs personal injury claims arising out of international air travel.

### A. APPLICABILITY OF THE WARSAW CONVENTION[2]

The Warsaw Convention is a comprehensive international treaty that governs liability with regard to "all international carriage of persons, baggage, or cargo performed by aircraft for reward." W.C. Art. 1(1); Carey v. United Airline, 255 F.3d 1044, 1047 (9th Cir. 2001). The Convention has preemptive effect, i.e., it provides the exclusive remedy for conduct that falls within its provisions. El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 161 (1999).

---

[2] Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 401505 ("Warsaw Convention" or "W.C.").

> For purposes of the Warsaw Convention, "international carriage" means:
>
> [A]ny carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transshipment, are situated either within the territories of two High Contracting Parties or within the territory of a single High Contracting Party if there is an agreed stopping place within the territory of another State, even if that State is not a High Contracting Party."

W.C. Art. 1(2). Accordingly, the Convention governs if the agreement between the parties (e.g., the plane ticket) provides for travel: (1) between two High Contracting Parties; or (2) from one High Contracting Party, to stops abroad, with a return to the same High Contracting Party. Lee v. China Airlines Ltd., 669 F. Supp. 919, 980 (C.D. Cal. 1987).

Here, Plaintiff's ticket with Emirates provided roundtrip transportation from and to Tehran, Iran, with agreed stopping places abroad in San Francisco and Dubai. Hussain Decl. ¶ 5, Ex. A; Sajajed Decl. ¶ 15, Ex. D. Iran is a signatory to the Warsaw Convention. See List of Signatories to the Warsaw Convention, http://www.icao.int/secretariat/legal/List%20of%20Parties/WC-HP_EN.pdf; see also Alemi v. Qatar Airways, 812 F. Supp. 2d 847, 850 n.2 (D. Md. 2012) (noting that Iran is a party to the Warsaw Convention). Consequently, the Warsaw Convention governs.

### B. JURISDICTION UNDER THE WARSAW CONVENTION

Article 28 provides four potential fora for an action under the Warsaw Convention: (1) the carrier's domicile; (2) the carrier's principal pace of business; (3) the place where the passenger purchased the ticket; or (4) the passenger's place of destination. W.C. Art. 28(1); see also Coyle v. P.T. Garuda Indonesia, 363 F.3d 979, 986 (9th Cir. 2007). "[U]nless one of these enumerated places is within the United States, no American court can take cognizance of a suit predicated on the Warsaw Convention." Coyle, 363 F.3d at 986; see also Kapar v. Kuwait Airways Corp., 845 F.2d 1100, 1104 (D.C. Cir. 1988) ("Article 28(1) 'operates as an absolute bar to federal jurisdiction in cases falling outside its terms.'") (quoting Gayda v. LOT Polish Airlines, 702 F.2d 424, 425 (2d Cir. 1983)).

In the instant action, it is undisputed that Emirates' domicile and principal place of business is Dubai, UAE. See Hussain Decl. ¶ 7. It is further undisputed that Plaintiff

purchased her ticket in Tehran, Iran.  See id. ¶¶ 4-5, Ex. A; Sajajed Decl. ¶¶ 14-15, Ex. D. Thus, "the only way that an American court can take cognizance of [this] action is if [Plaintiff's] 'place of destination was in the United States." Coyle, 353 F.3d at 986. Defendant asserts that Plaintiff's place of destination was Tehran, Iran, and thus, jurisdiction is lacking.  Plaintiff disputes that her destination was Tehran.

### 1. Place of Destination

For purposes of the Warsaw Convention, each journey can only have one final "destination." Coyle, 363 F.3d at 991 (noting that intermediate stops are construed as "agreed stopping places" that do not disturb the final destination). The intent of the parties as expressed in the contract of transportation, i.e., the plane ticket, determines the final destination. Id. at 987 (citing Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 819 (9th Cir. 1995)). "'[S]uch contracts should be interpreted according to the objective, rather than the subjective, intent of the parties.'" Id. (quoting Sopcak, 52 F.3d at 819). Thus, the court's inquiry focuses on "the objective manifestation of the parties' intent expressed by the tickets for commercial passenger carriage." Id.

Plaintiff's ticket with Emirates provided roundtrip transportation from and to Tehran, Iran, with intermediate stops in Dubai and San Francisco. Hussain Decl. ¶ 5, Ex. A; Sajajed Decl. ¶ 15, Ex. D.  In the case of a roundtrip ticket, the destination is "the place where the trip began." Lee, 669 F. Supp. at 981; accord Alemi, 842 F. Supp. 2d at 850; see also Swaminathan v. Swiss Air Transp. Co., Ltd., 962 F.2d 387, 389 (5th Cir. 1992) ("[w]hen a person purchases a round-trip ticket, there can be but one destination, where the trip originated"); Klos v. Lotnicze, 133 F.3d 164, 167 (2nd Cir. 1997) ("the place of final destination for purposes of jurisdiction under the Warsaw Convention is the return city appearing on a round-trip ticket").

Accordingly, Plaintiff's destination under Article 28 of the Warsaw Convention was Iran. See, e.g., Lee, 669 F. Supp. at 981 (finding that the passenger's destination was Hong Kong on a roundtrip ticket out of Hong Kong with intermediate stops in Taipei, Taiwan and San Francisco, California); Alemi, 842 F. Supp. 2d at 850 (finding that the passenger's

destination was Iran on a roundtrip ticket out of Tehran, Iran, with intermediate stops in Doha, Qatar and Chantilly, Virginia).

### 2. Iran's Status as a "Place of Destination"

Plaintiff makes several arguments in opposition to the motion to dismiss, none of which is persuasive. As an initial matter, Plaintiff argues that Iran is "not a party to the transportation in question" due to "political factors." Opp'n at 2. Specifically, Plaintiff notes that the United States does not have diplomatic or consular relations with Iran and that there is no direct commercial air service between the two countries. Id. at 2-3. Plaintiff thus argues that, as far as the United States is concerned, Iran "cannot be a 'High Contracting Party' under the Warsaw Convention" and "does not exist" when determining whether a flight constitutes international carriage. Id. at 2.

Tellingly, Plaintiff cites no authority in support of her argument, and the Court finds none. For purposes of the Convention, the availability of direct or nonstop travel between two destinations or countries is irrelevant. See W.C. Art. 1(2) (providing that the Warsaw Convention applies to certain carriage "whether or not there be a break" in the same). Likewise, the lack of diplomatic relations between the United States and Iran is irrelevant. A High Contracting Party refers to a nation "whose ratification of or adherence to the Convention has become effective and whose denunciation thereof has not become effective." W.C., Art 40A. The Convention nowhere suggests that a court may disregard a signatory as such due to the perceived political relationship between particular nations.

Plaintiff's approach is also practically untenable. Plaintiff argues that Iran "cannot be a final destination" because the United States "does not recognize it." Opp'n at 2. However, the Court cannot ignore Iran's existence as a destination in international carriage. As noted by Defendant, neither the absence of direct air travel nor the absence of diplomatic relations prevented Plaintiff from purchasing a ticket that transported her between the United States and Iran. The Court would therefore be indulging in a fiction were to find that Iran does not constitute a place of destination.

### 3. The Montreal Convention[3]

Plaintiff also attempts to invoke the Montreal Convention. The Montreal Convention is the successor to the Warsaw Convention. Narayanan v. British Airways, 747 F.3d 1125, 1127 (9th Cir. 2014). In addition to the four fora provided under the Warsaw Convention, the Montreal Convention adds a fifth jurisdictional forum, i.e., the place where the passenger has his or her "principal and permanent residence." M.C. Art. 33(2). Plaintiff wishes to avail herself of this fifth forum, asserting that she is a permanent resident of the United States. See Opp'n at 4.[4]

Notably, Plaintiff fails to address a critical threshold matter—the applicability of the Montreal Convention. The Montreal Convention governs liability with regard to "all international carriage of persons . . . for reward." M.C. Art.1(1). Like the Warsaw Convention, the Montreal Convention defines "international carriage" as that with its "place of departure" and "place of destination" either within the territories of two State Parties or within the territory of a single State Party if there is an agreed stopping place abroad. M.C. Art. 1(2). Thus, if the place of departure and/or destination is not within the territory of a State Party, the Montreal Convention does not apply. See Polanski v. KLM Royal Dutch Airlines, 378 F. Supp. 2d 1222, 1227 (S.D. Cal. 2005) (finding the Montreal Convention inapplicable to carriage between the United States and Poland because Poland is not a signatory); Alemi, 842 F. Supp. 2d at 850 n.2 (finding the Montreal Convention inapplicable to roundtrip carriage out of Iran because Iran is not a signatory).

Plaintiff traveled on a roundtrip ticket out of Tehran, Iran, and thus, "both the place of departure and the place of destination are Iran." Alemi, 842 F. Supp. 2d at 850 n.2. Iran

---

[3] Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) ("Montreal Convention" or "M.C.").

[4] In the opening of her opposition brief, Plaintiff asserts that the incident in question clearly constitutes an "accident" under "either the Montreal [Convention] or the Warsaw Convention, whichever, if either, if found applicable." Opp'n at 1. Although Plaintiff does not explicitly take the position that the Montreal Convention governs this action, she goes on to discuss its substantive provisions. See id. at 4-5.

is not a signatory to the Montreal Convention.  See List of Signatories to the Montreal Convention, http://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf; see also Alemi, 842 F. Supp. 2d at 850 n.2.  Hence, the Montreal Convention does not apply.

### 4. Plaintiff's Subjective Intent

Finally, Plaintiff argues that a court should determine the place of destination according to "where the passenger wishes to end up." Opp'n at 5.  Accordingly, she argues that San Francisco was her "actual 'destination'" because that is where she intended to return after visiting family and friends in Iran.  Id.  This approach is contrary to both the Warsaw Convention and Ninth Circuit authority interpreting the same.

First, Plaintiff attempts to divide her roundtrip ticket into separate "legs," noting that the purpose of the flight upon which the accident occurred was "to fly her from Dubai to San Francisco." Opp'n at 6.  However, the Ninth Circuit has agreed with other courts "that there can only be one 'destination' for Warsaw Convention purposes." Coyle, 363 F.3d at 991 (citing In re Alleged Food Poisoning Incident, 770 F.2d 3, 6-7 (2nd Cir. 1985) (holding that the Warsaw Convention "uses the term 'destination' in the singular," implying that there can only be one destination for purposes of treaty jurisdiction)).  Thus, the Court cannot examine individual "legs" of a single ticket.[5]

Second, Plaintiff focuses solely on the subjective intent of the passenger, and argues that the terms of the Warsaw Convention do not limit a court's inquiry to the "last line of the itinerary or ticket." Opp'n at 5.  However, both the Warsaw Convention and binding Ninth Circuit authority direct this Court to consider the intent of *both* the passenger and the carrier.  W.C. Art 1(2) (providing that the "agreement between the *parties*" determines the "place of destination") (emphasis added); Coyle, 363 F. 3d at 987 (holding that "the intention of the *parties* . . . determines the final destination) (emphasis added).  Moreover,

---

[5] The Court notes that, although Plaintiff sometimes refers to multiple "tickets", both the Passenger Itinerary Receipt provided by Plaintiff and the Passenger Name Records ("PNR") provided by Defendant confirm that the travel in question was booked as a single roundtrip ticket.  Sajajed Decl., Ex D; Hussain Decl., Ex. A.  The distinct segments of the ticket are more aptly characterized as legs or flights.  See Sajajed Decl., Ex. D (listing a single ticket number and four flight numbers); Hussain Decl., Ex A (same).

1  "although a passenger's intent is accorded considerable weight in ascertaining the final
2  destination, when a contract is unambiguous, the instrument alone is taken to express the
3  intent of the parties."  Coyle, 363 F.3d at 987 (citations omitted).  Thus, provided there is
4  no ambiguity, "the tickets . . . are *exactly* where we must look to find the parties' objective
5  intent."  Id. at 991.

6  As discussed above, the ticket in this case is unambiguous, providing roundtrip
7  transportation out of Tehran, Iran, with intermediate stops in Dubai and San Francisco.

## IV. CONCLUSION

Plaintiff cannot escape the applicability of the Warsaw Convention or the limit of its jurisdictional reach.  Under the Warsaw Convention, jurisdiction will lie in only four fora.  Plaintiff did not file suit in one of those four fora, and thus, subject matter jurisdiction is lacking.  Accordingly,

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss is GRANTED, and Plaintiff's complaint is DISMISSED.  The Clerk shall terminate all pending matters and close the file.

IT IS SO ORDERED.

Dated:  3/28/17

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge